UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSEPH ANTHONY FAVORS, | Case No. 19-cv-0032 (PJS/TNL) |
| Plaintiff, | |
| v. | ORDER |
| NANCY JOHNSON, Individual/Official Capacities and as Executive Clinical Director of DHS/MSOP; DAVE FREY, Individual/Official and as Vocational Work Programs, Counselor of MSOP; and BRUCE BEAMAN, Individual/Official and as Primary Therapist of MSOP, | |
| Defendants. | |

Plaintiff Joseph Anthony Favors, a client of the Minnesota Sex Offender Program ("MSOP"), brings this action against three MSOP officials alleging violations of both federal and state law. This matter is before the Court on Favors's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (ECF No. 5) and Motion for Appointment of Attorney for Plaintiff (ECF No. 2).

### I. FILE AMENDED COMPLAINT

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading should contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a litigant need not plead his claims in the fewest possible words, he must nevertheless keep his statement of the claims "short and plain." Fed. R. Civ. P. 8(a)(2). "Rule 8 was not promulgated to provide helpful advice; it has the force of law,

1

and it must be followed." *Gurman v. Metro Housing and Redevelopment Authority*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011).

Before the Court will rule on the IFP Application, Favors must file an amended complaint if he intends to proceed with this litigation. Favors's current Complaint is overly long. At 118 pages (not counting the table of contents), hundreds of paragraphs and sub-paragraphs,[1] and 338 footnotes, Favors's Complaint is self-evidently not short. There is no need for the Complaint to be so prolix; at bottom, Favors may be pleading just four claims against three defendants. Overlong pleadings of the kind submitted by Favors are an unnecessary burden on the defendants, who will be forced to pick through the lengthy complaint sub-paragraph by sub-paragraph and respond to each allegation, no matter how irrelevant to the litigation. *See* Fed. R. Civ. P. 8(b). Indeed, unnecessarily long pleadings tend to suggest that a litigant is motivated, at least in part, by an intent to force his opponents to expend as many resources as possible defending themselves — a hallmark of maliciousness. *See* 28 U.S.C. § 1915(e)(2)(B).

A district court may dismiss a complaint *sua sponte* for failing to follow Rule 8. *See Olson v. Little*, 978 F.2d 1246 (8th Cir. 1992) (affirming the district court's *sua sponte* dismissal of a complaint under Rule 8). Rather than recommend dismissal at this time, this Court will direct Favors to submit an amended complaint that complies with Rule 8 — and, of course, all other Federal Rules of Civil Procedure and this District's Local Rules — by

---

[1] For instance, paragraph 157 of the complaint includes 12 separate numbered sub-paragraphs, not counting footnotes. *See* Compl. at 101-05.

no later than **April 8, 2019**, failing which it will be recommended that this matter be dismissed.

## II. MOTION FOR APPOINTMENT OF ATTORNEY

Favors moves for the appointment of counsel. "In civil cases, there is no constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam); *accord Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (same). Rather, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794; *accord Ward*, 721 F.3d at 942. "The court has a good deal of discretion to determine whether representation is warranted given the nature of the case and the litigants." *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011); *see Trotter v. Lawson*, 636 F. App'x 371, 373 (8th Cir. 2016) (per curiam).

First, Favors states that "[t]his case is very complex even for a professional attorney to take on and involves a multitude of violations of state and federal rights, privileges and immunities, and [Favors] is absolutely ignorant of how to proceed on even the most fundamental, basic, steps in this legal process, tr[ia]l, investigation, etc." (Mot. at 2, ECF No. 2; *see* Mem. in Supp. at 3, 5, ECF No. 5.) Favors states that he "does not know federal law or rules or even [his] most fundamental rights that any attorney knows, and therefore

[he] ha[s] no rights, if [he] do[es]n't know them to argue them in court to fairly contend with attorneys for the Defendants." (Mot. at 3; *see* Mem. in Supp. at 5.)

Favors's filings to date demonstrate his ability to articulate his position to the Court and a basic understanding of legal procedure, including filing motions as a means of seeking relief from the Court. *See Ward*, 721 F.3d at 943. Notably, Favors has filed more than 10 cases pro se since 2010.[2] Favors filed three cases in the month of November alone last year.[3]

As stated above, the Complaint is over 100 pages long, including hundreds of paragraphs, subparagraphs, and footnotes. The Complaint and Favors's memorandum in support of his motion to appoint counsel refer to specific state and federal statutes, state and federal constitutional provisions, and state administrative rules. These documents also include citations to and a discussion of a multitude of legal authorities.

Second, Favors states that he "will be shut down, at a complete stand still, and denied access to the court without appointment of an attorney," and that he "cannot afford to pay cost for postage, copies of exhibits, and paper to respond to attorneys for Defendants." (Mot. at 2; *see* Mem. in Supp. at 3, 4.) Favors's history of pro se litigation

---

[2] *Favors v. Ludeman et al.*, No. 10-cv-3747 (JRT/LIB) (filed August 25, 2010); *Favors v. Fabian et al.*, No. 12-cv-2634 (JRT/LIB) (filed October 15, 2012); *Favors v. Jesson et al.*, No. 13-cv-108 (JRT/LIB) (filed January 10, 2013); *Favors v. Hoover et al.*, No. 13-cv-428 (JRT/LIB) (filed February 21, 2013); *Favors v. Jesson*, No. 14-cv-3473 (JRT/LIB) (filed September 17, 2014); *Favors v. Seavey et al.*, No. 14-cv-3518 (JRT/LIB) (filed September 18, 2014); *Favors v. Jesson et al.*, No. 15-cv-2853 (JRT/LIB) (filed June 29, 2015); *Favors v. Jesson*, No. 15-cv-3010 (JRT/LIB) (filed July 8, 2015); *Favors v. Chase Bank et al.*, No. 18-cv-3187 (JNE/LIB) (filed November 15, 2018); *Favors et al. v. Piper et al.*, No. 18-cv-3282 (JRT/SER) (filed November 29, 2018); and *Favors v. Chase Bank*, No. 18-cv-3303 (JNE/LIB) (filed November 30, 2018). *See also Favors v. Comenity Capital Bank*, No. 18-cv-1857 (JNE/LIB) (removed to federal court on July 2, 2018).
[3] *See supra* n.2.

and the extensive Complaint filed in this case demonstrate that his access to the Court is not impeded.

Third, the factual and legal issues underlying this litigation do not appear any more complex than other civil-rights matters routinely brought before this Court.

Fourth, while Favors has generally asserted that his present commitment impedes his ability to discover the relevant facts, Favors has not identified with any sort of particularity the need for and inability to obtain certain specific discovery in this matter. *See Trotter*, 636 F. App'x at 373.

The Court appreciates that Favors's civil commitment and lack of a formal legal education present certain challenges to self-representation. In *Patterson v. Kelley*, 902 F.3d 845 (8th Cir. 2018), the Eighth Circuit Court of Appeals considered whether the district court abused its discretion in denying a prisoner's request for appointment of counsel in a § 1983 action against state prison officials. On appeal, the prisoner argued that counsel should have been appointed because: (1) "as an inmate, he was unable to interview witnesses and secure relevant information"; (2) "his inartfully worded interrogatories allowed defendants to give evasive answers"; and (3) "'this [wa]s complex litigation' requiring the assistance of counsel because the case involve[d] administrative regulations and government funding issues." *Patterson*, 902 F.3d at 850.

The Eighth Circuit held that "[n]one of these grounds are sufficient to show an abuse of discretion" by the district court. *Id.* The Eighth Circuit also observed that, "given that most indigent prisoners will face similar challenges in bringing § 1983 claims, a finding that the district court abused its discretion on these bases would be tantamount to

5

recognizing a right to appointed counsel for indigent prisoners in such cases. This we refuse to do." *Id.* The Court fully recognizes that Favors is not a prisoner, but the Eighth Circuit's reasoning is equally applicable in the instant case.

### III. ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Favors shall submit an amended complaint as outlined above by no later than **April 8, 2019**, failing which it will be recommended that this matter be dismissed.

2. Favors's Motion for Appointment of Attorney for Plaintiff (ECF No. 2) is **DENIED WITHOUT PREJDUICE**.

3. The Clerk of Court shall provide Favors with a copy of the Court's Pro Se Civil Guidebook, a resource for litigants like Favors who are representing themselves.

Date: March  14  , 2019                    *s/ Tony N. Leung*
                                            Tony N. Leung
                                            United States Magistrate Judge
                                            District of Minnesota

                                            *Favors v. Johnson et al.*
                                            Case No. 19-cv-32 (PJS/TNL)